OPINION OF THE COURT
Arnold F. Ciaccio, J.
The petition herein prays for a judicial determination of what effect, disposition, and treatment should be given to the legacies provided in articles 5 and 21 of testatrix’ will. These articles provided for the bequest of a number of shares of convertible preferred stock of the Sybron Corporation to two beneficiaries provided that testatrix was the owner of the stock at the time of her death. The stock had been sold by testatrix’ conservator prior to the date of death.
For all of the six years prior to her death in 1982, testatrix’ affairs were managed by a duly appointed conservator. Seven months prior to the testatrix’ death, the conservator sold the designated Sybron shares at $27.50 per share. The proceeds were used to purchase GNMA bonds which were later sold and the proceeds invested in Treasury bills. The executor and her attorney for the estate have attempted unsuccessfully to trace the proceeds due to the nature and complexity of the subsequent investments.
There is no question that the legatees are entitled to the proceeds and that no ademption of the specific bequest has occurred. EPTL 3-4.4 states: “In the case of a sale or other *816 transfer by a committee or conservator, during the lifetime of its incompetent or conservatee, of any property which such incompetent or conservatee had previously disposed of specifically by will when he was competent or able to manage his own affairs, and an order had been entered setting aside the adjudication of incompetency at the time of such incompetent’s death, or the conservatorship continued through the date of the conservatee’s death, the beneficiary of such specific disposition becomes entitled to receive any remaining money or other property into which the proceeds from such sale or transfer may be traced.” (See, too, Matter of Clark, 90 Misc 2d 925.)
The statute does not delineate any specific methods to be used in determining what evaluation should be given where the asset is not traceable. Case law likewise does not appear to provide any guidelines.
If the estate of the incompetent or conservatee is fully solvent, as is the case here, the legatee should be entitled to the full benefit of the legacy even though the proceeds have been commingled with personal assets of the estate in the hands of the conservator. It appears that in the instant matter it is impossible to trace the proceeds after the sale of this stock because the prices of the GNMA bonds and Treasury bills have fluctuated greatly since the original stock was sold and those proceeds invested and reinvested.
The legatees had no claim to the stock or the proceeds on the day the stock was sold by the conservator. They only became entitled to the legacy as of the date of death. Their rights should be measured as of that day. Under section 249-b of the Tax Law, an evaluation of personal property for taxing purposes is made on the day of death, or, if the estate so elects, on an alternate date six months later.
The court hereby orders that the Sybron stock be valued as of the day of the testatrix’ death or the six-month alternate valuation date, if that alternate was so elected in a tax proceeding, and that an amount equal to that evaluation including the equivalent of accrued dividends since that date be paid over to the beneficiaries.